UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ELHAJJI M. ELSHABAZZ,

                            Petitioner,

            v.

HAROLD GRAHAM,
Superintendent of Auburn Correctional Facility,

                            Respondent.

_____

DECISION AND ORDER

18-CV-6160L

## INTRODUCTION

Petitioner Elhajji Elshabazz has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a judgment from New York State Supreme Court, Erie County, convicting him of one count of murder in the second degree (N.Y. Penal L.§ 125.25(3)), and two counts of burglary in the first degree (N.Y. Penal L. § 140.30(1), (2)).

Petitioner was charged as an accessory to the criminal conduct of Shaquar Pratcher who, during a home invasion burglary, beat the 96-year-old victim so severely that many of the victim's numerous orbital and jaw fractures had not healed when he died more than four months after the attack. Petitioner was convicted on April 9, 2014 after a non-jury trial, and sentenced to 25 years to life in prison. His conviction was affirmed by the Appellate Division, Fourth Department, 145 A.D.3d 1528 (4th Dep't 2016), and the New York Court of Appeals denied leave to appeal, 29 N.Y.3d 997 (2017).

Respondent has filed a response to the habeas petition, and the state court records have been received by this Court..  In addition, the Court stayed the action for a time to allow petitioner to exhaust his remedies on certain issues by way of a petition in state court under N.Y. C.P.L. § 440.10. Petitioner subsequently informed the Court that his state court remedies had been exhausted, and that he wished to raise in this action the grounds for relief that were the subject of his § 440.10 petition. Respondent has filed a supplemental response to those grounds as well.

## DISCUSSION

### I. Legal Standard

At the outset, certain principles must be kept in mind.  First, in reviewing state criminal convictions in a federal habeas corpus proceeding, a federal court does not sit as a super-appellate court.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  *See also Ponnapula v. Spitzer*, 297 F.3d 172, 182-83 (2d Cir. 2002) (cautioning against fashioning "every nuance of state law ... into a [legal insufficiency] problem, thereby transforming federal habeas courts into super-appellate state courts," a role which "[b]oth Congress and the Supreme Court prohibit for federal habeas courts").

In other words, "[f]ederal habeas corpus is a backstop.  It lets federal courts review the merits of federal claims in state criminal cases.  But federal courts do not sit to review state law.  So federal courts will not review federal claims when the state court's decisions are supported by a state-law reason, an 'independent and adequate state ground[ ].'"  *Richardson v. Superintendent Coal Township SCI*, 905 F.3d 750, 759 (3d Cir. 2018) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)).

-2-

While those general principles have been long established, they were further reinforced by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Under AEDPA, when a claim has been adjudicated on the merits in state court, federal habeas corpus relief is available only if the state court proceeding:  "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). That standard poses "a formidable obstacle to habeas relief ... ." *Clark v. Noeth*, 351 F.Supp.3d 369, 371 (W.D.N.Y.), *appeal dismissed*, 2019 WL 7876471 (2d Cir. 2019),

Where, as here, a state court rejects a petitioner's habeas claim on the merits, "the federal court must 'focus its review on whether the state court's ultimate decision was an 'unreasonable application' of clearly established Supreme Court precedent.'" *Aparicio v. Artuz*, 269 F.3d 78, 94 (2d Cir. 2001) (quoting *Sellan v. Kuhlman*, 261 F.3d 303, 311-12 (2d Cir. 2001)) (additional citations omitted); *see also Harrington v. Richter*, 562 U.S. 86, 99 (2011) ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary").  "A state court decision slips into the 'unreasonable application' zone 'if the state court identifies the correct governing legal principle from [the Supreme Court's] decision but unreasonably applies that principle to the facts of the prisoner's case.'" *Id.* (quoting *Williams v. Taylor*, 529 U.S. 362, 413 (2000)) (modification in original).  "[A]n unreasonable application of federal law is different from an incorrect or erroneous application of federal law." *Williams*, 529 U.S. at 412 (emphasis in original).  Thus, it is not enough that this Court

may have decided the question of law differently; rather, to deem habeas relief appropriate, the state court's application must demonstrate some additional "increment of incorrectness beyond error." *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000).

## II. Analysis

### A. Sufficiency of the Evidence

Petitioner's first ground for relief is that there was insufficient evidence at trial that the assault on the victim during the burglary caused the victim's death over four months later.  The Appellate Division rejected this argument for the reasons stated in its decision in the appeal of petitioner's codefendant Pratcher.  *See People v. Elshabazz*, 145 A.D.3d at 1529 (citing *People v Pratcher*, 134 AD3d 1522, 1524-25 (2015), *leave to appeal denied*, 27 N.Y.3d 1154 (2016)).  In *Pratcher*, the court, noting the severity of the victim's injuries and the medical examiner's testimony that those injuries were the cause of his death, held that "the medical evidence, viewed in the light most favorable to the prosecution, [wa]s legally sufficient to establish that defendant's acts were at least a contributing cause of the victim's death," which was sufficient to support a murder conviction under New York law.  134 A.D.3d at 1525 (internal quote omitted).

"It is well established that a 'weight of the evidence' claim does not provide a basis for federal habeas relief." *Clark*, 351 F.Supp.3d at 372 (citing *Ward v. Herbert*, 509 F.Supp.2d 253, 264 & n.3 (W.D.N.Y. 2007)).  *See also McKinnon v. Superintendent*, 422 F.App'x 69, 75 (2d Cir. 2011) ("[T]he argument that the verdict is against the weight of the evidence states a claim under state law, which is not cognizable on habeas corpus") (citing cases).

Although habeas relief might be available if the state court's factual findings represent an "unreasonable determination of the facts," in the sense that "reasonable minds could not disagree that the trial court misapprehended or misstated material aspects of the record in making its finding, or where the court ignored highly probative and material evidence," *Cardoza v. Rock*, 731 F.3d 169, 178 (2d Cir. 2013) (citations omitted), this is not such a case.  As the Appellate Division noted, the evidence established that petitioner's codefendant, with whom he participated in the burglary, "repeatedly struck the 96-year-old victim in the face and head, thereby fracturing the victim's orbit, sinuses, and jaw in numerous places and causing a subdural hematoma, and that many of those injuries had not healed at the time of his death approximately five months later."  *Pratcher*, 134 A.D.3d at 1525.  Although the defense presented expert testimony that the victim died from other causes, the trial court was free to credit the testimony of the medical examiner that the injuries inflicted during the assault were at least a contributing cause of death, which is sufficient to support a guilty verdict under New York law.  In short, petitioner has not carried his "very heavy burden" to show that the state court's findings were so lacking in evidentiary support as to state a federal habeas claim.  *Cherry v. New York*, 521 F.Supp.3d 295, 302 (W.D.N.Y. 2021) (noting that the standard for assessing the sufficiency of the evidence to support a guilty verdict is the same under both federal and New York state law).

**B. "Flawed Alibi Defense"**

In his second ground for relief, petitioner states, "Counsel did not properly review case documents that showed co-defendants calling alibis phone [sic] 30 minutes after crime occurred allowing prosecutor to use this information on cross examination."  (Dkt. #1 at 7.)  This appears to

be a claim of ineffective assistance of trial counsel, based on counsel's presentation of an alibi defense that was contradicted by the evidence.

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate that (1) "counsel's representation fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). This two-part *Strickland* test imposes a heavy burden on one claiming ineffective assistance of counsel. Both prongs must be sufficiently established to warrant relief. *Id.*

In determining whether the test has been met, the court "must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 689). As such, "decisions which fall squarely within the ambit of trial strategy ... if reasonably made, will not constitute a basis for an ineffective assistance claim." *United States v. Nersesian*, 824 F.2d 1294, 1321 (2d Cir. 1987). The court must also bear in mind that the *Strickland* standard "does not guarantee perfect representation, only a reasonably competent attorney." *Harrington*, 562 U.S. at 110 (internal quotation marks and citations omitted).

A habeas petitioner presenting a claim of ineffective assistance of counsel "faces an additional hurdle: the high standard of deference that this Court owes to the state court's finding that he received constitutionally adequate assistance." *Rupert v. Noeth*, 510 F.Supp.3d 3, 7 (W.D.N.Y. 2020) (citing *Winfield v. Dorethy*, 956 F.3d 442, 451 (7th Cir. 2020)). He would have to show not only that his attorney was ineffective, but also that the state court's ruling is "so lacking in justification that there was an error ... beyond any possibility of fairminded disagreement." *Burt v.*

*Titlow*, 571 U.S. 12, 19-20 (2013).  This "doubly deferential" standard, *id.* at 16, presents a "formidable barrier" to a habeas petitioner, *id.* at 19.

In the case at bar, the Appellate Division squarely rejected petitioner's ineffective-assistance argument.  The court noted that petitioner's attorney presented a thorough defense, from pretrial motions to the trial itself, and that furthermore there was substantial evidence of petitioner's guilt. 145 A.D.3d at 1530.  The court concluded that, "although the prosecution discredited the alibi testimony, that alone did not seriously compromise defendant's right to a fair trial and, in view of counsel's competency in all other respects, we conclude that counsel's failed attempt to establish an alibi was at most an unsuccessful tactic that cannot be characterized as ineffective assistance.  *Id.* (citing *People v Henry*, 95 N.Y.2d 563, 566 (2000)) (internal alterations omitted).  Those conclusions are well supported by the record, and petitioner's claim that he was denied his right to effective assistance of counsel provides no basis for habeas relief.

**C. Jury Trial Waiver**

In his third ground for relief, petitioner asserts that his waiver of the right to a jury trial was not made voluntarily and intelligently.  The Appellate Division rejected this assertion as well.

First, the state court found that petitioner had not preserved this argument for appellate review because he failed to challenge the sufficiency of the allocution regarding the waiver before the trial court, *see* 145 A.D.3d at 1529.  The court went on to say that petitioner's contention was meritless in any event, stating, "It is well settled that 'no particular catechism is required to establish the validity of a jury trial waiver.  The [trial court's] inquiry here, though minimal, was sufficient to establish that defendant understood the ramifications of such waiver."  145 A.D.3d at 1529 (quoting *People v Smith*, 6 N.Y.3d 827, 828, *cert. denied*, 548 U.S. 905 (2006)).

This ground for relief is thus doubly flawed. First, it is barred by the procedural default doctrine, which provides that "a federal habeas court generally may not review a claim on the merits, even if it is exhausted, if the state court decision rejecting that claim 'rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Lomaglio v. Annucci*, No. 17-CV-6395, 2021 WL 1720808, at *4 (W.D.N.Y. Apr. 30, 2021) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)).

Second, the Appellate Division's conclusion that there was no merit to this contention cannot be said to be unreasonable, either on the facts or the law. The trial record shows that petitioner signed a waiver of his right to a jury trial in open court, and that he confirmed that he had discussed the waiver with his attorney and understood what he was doing. Trial Transcript at 3. That is more than sufficient to show that the waiver was valid, *see Lomaglio*, 2021 WL 1720808, at *7. Petitioner's present claim that his waiver was not voluntary and intelligent appears to be nothing more than a case of "buyer's remorse" in the wake of his conviction.

### D. Accomplice Testimony

Petitioner asserts that there was insufficient evidence corroborating the accomplice testimony of his testifying codefendants, Justice Feggans and Jordan McKinnon, connecting him to the crime.

This claim is also barred by the procedural default rule, inasmuch as petitioner did not raise it on his direct appeal. He appears to allege that he was advised by his appellate attorney not to do so. Petitioner has submitted a copy of a letter from his former appellate attorney (who did not represent him at trial) dated April 8, 2016, stating that he "chose not to raise the corroboration issue" on appeal because he believed that petitioner's "very best chances of receiving any relief on this subject exists either at the Court of Appeals or in Federal Court." (Dkt. #9 at 29.) Petitioner alluded

to this matter in his § 440.10 petition, in the context of a claim that his appellate counsel was ineffective, and the state court denied the petition, concluding that petitioner had received meaningful representation.  (Dkt. #9 at 9.)

Even if this Court were to overlook petitioner's default, this issue presents no ground for habeas relief.  For one thing, in rejecting petitioner's arguments concerning the alibi defense, the Appellate Division expressly stated that "there was significant additional evidence, including surveillance video recordings and DNA evidence, *which corroborated the testimony of the two codefendants* who testified against defendant at trial."  145 A.D.3d at 1530 (emphasis added). Moreover, petitioner's codefendant Pratcher did raise this argument on appeal, and the Appellate Division flatly rejected it, stating that there was "overwhelming evidence establishing that the crime occurred in the manner in which the accomplices testified."  134 A.D.3d at 1523.  Again, those findings are not unreasonable or contrary to law.

In addition, this matter presents no more than an issue of state law.  It therefore could provide no ground for federal habeas relief in any event.  *See Burton v. Uhler*, No. 18-CV-9002, 2020 WL 7496340, at *2 (S.D.N.Y. Dec. 21, 2020); *Blackshear v. Artus*, No. 17-CV-143, 2019 WL 6837719, at *3 (N.D.N.Y. Dec. 16, 2019); *Nylander v. Smith*, No. 07-CV-0457, 2010 WL 1292297, at *4-5 (E.D.N.Y. Mar. 30, 2010).

### E. Claims Raised in Petitioner's § 440.10 Proceeding

In his supplemental filing (Dkt. #9), petitioner attaches a copy of the § 440.10 petition he filed in state court, as well as the state court's decision denying the petition.  In that proceeding, petitioner alleged that the prosecutor knowingly presented false testimony to the grand jury, and that his trial attorney was ineffective because he failed to impeach Feggans (petitioner's testifying

codefendant) with a prior statement.  The court ruled that both these matters could have been raised on direct appeal, and also rejected the ineffective-assistance claim on the merits.  (Dkt. #9 at 8-9.)

In the instant case, it does not appear that petitioner is attempting to present the false-testimony allegation as a basis for his habeas claim.  He states only that he is submitting the record of his § 440.10 proceeding "to support [his] claim made in Petition of ineffective assistance of appeal counsel that [he] wish[es] to be included in the record for review."  (Dkt. #9 at 1.)

Regardless, both these claims are procedurally barred, and both are without merit.  The state court properly rejected them on procedural grounds, and petitioner has demonstrated neither cause for the default nor actual prejudice.  *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (explaining that when a petitioner "has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice").

To the extent that petitioner seeks to expand upon his claim of ineffective assistance of counsel, his argument is also without merit.  While it is not clear whether he means this to be an additional basis for his claim of ineffective assistance on the part of his trial lawyer, a new claim of ineffective assistance of appellate counsel, or both, it does not provide a basis for relief.  As explained above, there is ample support for the state courts' conclusion that petitioner received constitutionally adequate assistance of counsel, and that he received a fair trial.  In light of the substantial evidence of petitioner's guilt, there is no reason to think that any of the alleged errors in this regard had any effect on the outcome of petitioner's trial or appeal.

## CONCLUSION

For all the reasons stated above, there is no basis to grant habeas corpus relief in this case.

Therefore, the petition for a writ of habeas corpus (Dkt. #1) is DENIED.  The Court also denies

issuance of a certificate of appealability because petitioner has failed to make a substantial showing

of the denial of any constitutional right.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        October 18, 2021.

-11-